CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 0 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

BETTY H. TRIMBLE,             )
    **Plaintiff,**               )
                          )
                          )
v.                          )  **Civil Action No. 7:04CV00711**
                          )
JO ANNE B. BARNHART,       )
COMMISSIONER OF SOCIAL SECURITY,  )  **By: Hon. Michael F. Urbanski**
    **Defendant.**             )      **United States Magistrate Judge**

## MEMORANDUM OPINION

Plaintiff Betty H. Trimble ("Trimble") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and Supplemental Social Security Income ("SSI") under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is now before the court on cross motions for summary judgment. Having reviewed the record and after briefing and oral argument, the case is now ripe for decision.

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Plaintiff was born on March 6, 1950 and has a high school education. (R. 78, 100, 365-66) Plaintiff last worked on April 30, 1984 as a sewing machine operator for Hanes, (R. 94, 127, 365), but it appears plaintiff had trouble working before the date she was last employed. (R. 361, 366) She took several leaves of absence from work for health reasons, (R. 361-62, 383), and she was on sick leave at Hanes when she was finally terminated in April of 1984. (R. 94)

Plaintiff filed applications for DIB and SSI on July 23, 2001, alleging she became disabled on April 30, 1984 due to tendonitis, hypothyrodism, back and neck pain, anxiety and depression. (R. 19, 78, 94, 362) Plaintiff's claims were denied initially, and again upon reconsideration. (R. 18) Plaintiff had previously filed applications for DIB and SSI which were denied on February 19, 1987. (R. 18)

Plaintiff testified at an administrative hearing before an administrative law judge ("ALJ") on September 24, 2002. (R. 356-423) Following the hearing, the ALJ denied plaintiff's claims for DIB and SSI, finding plaintiff has the residual functional capacity ("RFC") for simple unskilled light and sedentary activity subject to a sit/stand option and without constant repetitive use of wrists. (R. 28) According to vocational expert testimony, plaintiff could perform a significant number of jobs in the national economy. (R. 28, 404-423) After the ALJ issued his decision, plaintiff submitted new evidence, including a mental health report from Bobby Miglani, M.D., to the Appeals Council for review. This new evidence was incorporated into the record. (R. 327-355) The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) when the Appeals Council denied plaintiff's request for review. (R. 6-8) Plaintiff then filed this action challenging the Commissioner's decision.

Plaintiff makes a number of arguments in support of her motion for summary judgment.

2

The court finds two of these arguments persuasive. First, it is unclear what weight, if any, the Commissioner gave to treating physician Dr. Grubbs' opinion that plaintiff was disabled, as the ALJ completely failed to mention Dr. Grubbs' opinion in his decision. Additionally, the new evidence submitted to the Appeals Council includes a report in which Dr. Miglani diagnosed plaintiff with a global assessment of functioning ("GAF") of 50, as well as recurrent major depressive disorder. Neither the ALJ nor the Appeals Council indicated the weight given to this report, which calls into doubt the ALJ's findings as to plaintiff's mental impairments and limitations. Without knowledge of what consideration was given by the Commissioner to these two opinions, the court is reluctant to state that the Commissioner's decision is supported by substantial evidence in this case. See Riley v. Apfel, 88 F. Supp. 2d 572, 579 (W.D. Va. 2000) (finding that if the ALJ has not specifically indicated the weight to be given to all relevant evidence, "the reviewing court should hesitate to determine that his decision is supported by substantial evidence.").

Congress outlined the remand powers of the district court in 42 U.S.C. § 405(g). A "sentence four" remand is aptly named for the fourth sentence of § 405(g): "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A judgment affirming, modifying or reversing the Commissioner's decision must accompany a "sentence four" remand. Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991).

Sentence six, on the other hand, authorizes the court to remand a case to the Commissioner upon a showing of new, material evidence, for which good cause can be shown

3

for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. §

405(g). As all evidence before the court has been incorporated into the record, even the new

evidence presented to the Appeals Council, (R. 327-355), sentence six is inapplicable to the case

at bar.

Courts in the Fourth Circuit are required to "review the record as a whole, including the

new evidence, in order to determine whether substantial evidence supports the Secretary's

findings." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

To assist a reviewing court in determining if factual findings are supported by substantial

evidence, the ALJ must explicitly indicate the weight given to all the relevant evidence. Riley v.

Apfel, 88 F. Supp. 2d 572, 579 (W.D. Va. 2000) (quoting Gordon v. Schweiker, 725 F.2d 231,

235 (4th Cir. 1984)). It is the duty of the ALJ, not the reviewing court, to resolve conflicts in the

evidence. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Therefore, pursuant to 42 U.S.C. §

405(g), this case is reversed and remanded to the Commissioner under sentence four for

consideration of Dr. Grubbs' opinion, as well as the new evidence from Dr. Miglani submitted to

the Appeals Council.

## I

First, the ALJ's failure to mention the opinion of plaintiff's treating physician Dr. Grubbs

necessitates remand in this case. Four elements of proof must be considered in analyzing

whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §

1382c(a). They are: (1) objective medical facts and clinical findings, (2) the opinions and

conclusions of treating physicians, (3) subjective evidence of physical manifestations of

impairments, as described through a claimant's testimony, and (4) the claimant's education,

4

vocational history, residual skills, and age. <u>Vitek v. Finch</u>, 438 F.2d 1157, 1159-60 (4th Cir. 1971); <u>Underwood v. Ribicoff</u>, 298 F.2d 850, 851 (4th Cir. 1962).

Normally, the opinion of a treating physician should be accorded "great weight" in evaluating a claimant's disability. <u>Mitchell v. Schweicker</u>, 699 F.2d 185, 187 (4th Cir. 1983). The treating physician rule "requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." <u>Id.</u> The weight given to a treating physician's medical opinion depends upon the length and extent of the treatment relationship, the evidence that supports that source's opinion, and the source's specialization. 20 C.F.R. §§ 404.1527(d), 416.927(d). Applicable Social Security regulations require the ALJ to provide his reasons for giving a treating physician's opinion certain weight, or to explain why he discounted a certain physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). The ALJ in this case did neither.

While Dr. Grubbs may have only seen plaintiff a few times, (R. 208-210, 214-15, 329-30, 327-28), the ALJ makes no reference at all to what weight, if any, he gave to Dr. Grubbs' opinion that "the patient is currently disabled from all work." (R. 209, 328) Additionally, Dr. Grubbs diagnosed plaintiff with cervical and lumbar degenerative disc disease. (R. 209, 215, 328, 329) The ALJ simply does not mention Dr. Grubbs.

Given Dr. Grubbs' status as a treating physician, the ALJ should have expressly discussed this medical opinion in his decision. There is no way for this court to determine whether the ALJ's decision is supported by substantial evidence when he does not indicate what weight was given to all of the relevant evidence. <u>See, e.g.</u>, <u>Gordon v. Schweicker</u>, 725 F.2d 231, 235 (4th

5

Cir. 1984); <u>Myers v. Califano</u>, 611 F.2d 980, 983 (4th Cir. 1980); <u>Stawls v. Califano</u>, 596 F.2d

1209, 1213 (4th Cir. 1979); <u>Arnold v. Secretary</u>, 567 F.2d 258, 259 (4th Cir. 1977).  As the

Fourth Circuit stated in <u>Arnold</u>:

> The courts...face a difficult task in applying the substantial evidence
> test when the Secretary has not considered all relevant evidence.
> Unless the Secretary has analyzed all evidence and has sufficiently
> explained the weight he has given to obviously probative exhibits, to
> say that his decision is supported by substantial evidence approaches
> an abdication of the court's "duty to scrutinize the records as a whole
> to determine whether the conclusions reached are rational."

<u>Arnold</u>, 567 F.2d at 259.

The ALJ's failure to indicate whether he considered Dr. Grubbs' opinion compels the

conclusion that the ALJ's decision is not supported by substantial evidence.  The undersigned

remands this case to the Commissioner for consideration of Dr. Grubbs' opinion as to plaintiff's

disability.

## II

Remand is also necessary in this case for consideration of new evidence in the form of

Dr. Miglani's report on plaintiff's mental health.  After the ALJ issued his decision on January

30, 2003, plaintiff submitted Dr. Miglani's records to the Appeals Council for consideration

upon review.  (R. 340-42)  Dr. Miglani diagnosed plaintiff with major depressive disorder and

listed her GAF at 50.  (R. 342)  Plaintiff claims the Appeals Council failed to properly consider

this evidence in its decision denying plaintiff's request for review.

The Appeals Council noted in its decision of October 4, 2004 that it considered the

additional evidence submitted by the plaintiff, including the report from Dr. Miglani, but found

"that this information does not provide a basis for changing the Administrative Law Judge's

6

decision." (R. 6-7)  This boilerplate language does not shed light on what weight, if any, was given to this new evidence.

While the Appeals Council is not required by its regulatory scheme to provide a detailed statement of reasons regarding late-breaking evidence,[1] its failure to deal with such evidence in any fashion meaningful to the district court's substantial evidence review runs the risk of a remand to require the Commissioner to explicitly consider the additional evidence under certain circumstances.  As the court noted in Riley v. Apfel, 88 F. Supp. 2d 572, 580 (W.D. Va. 2000), "the agency leaves itself open to criticism when no explanation regarding material evidence within the record is provided."  Id.

Because this new evidence was presented to the Appeals Council after the ALJ issued his decision, the ALJ never had the benefit of considering it.  Wilkins requires courts in the Fourth Circuit to review all the evidence in the record, including new evidence submitted to the Appeals Council, to determine whether substantial evidence supports the finding of the ALJ.  Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).  Thus, the court is charged with reviewing the ALJ's decision "in the light of evidence which the ALJ never considered, and thus never evaluated or explained."  Ridings v. Apfel, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999).  A remand is necessary where the additional evidence is "conflicting," or

---

[1] In three separate opinions, courts in this district have concluded that the Appeals Council is not required by its regulatory scheme to provide a detailed explanation of its consideration of evidence submitted after the ALJ's decision.  See Riley v. Apfel, 88 F. Supp. 2d 572, 580 (W.D. Va. 2000) ("I agree with Judge Jones, see Ridings, infra, that the regulations do not explicitly require the Appeals Council to provide written findings with respect to any new evidence and its impact in light of the overall record and that this facilitates orderly decision-making within the agency."); Ridings v. Apfel, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999) ("[T]he Appeals Council is not expressly required by the regulations to state its rationale for denying review."); Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 2 (W.D. Va. Oct. 19, 2004).

presents "material competing testimony," Riley, 88 F. Supp. 2d at 580 n.14; is "contradictory," Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 3-4; or "calls into doubt any decision grounded in the prior medical reports." Ridings, 76 F. Supp. 2d 707 at 710. If so, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If not, then the case can be decided on the existing record without the necessity of a remand.

Dr. Miglani's March, 2003 diagnosis of recurrent, major depressive disorder, (R. 342), contradicts the ALJ's finding that plaintiff's mental impairments are "mild." (R. 21) While the ALJ notes in his decision that "there is no medical evidence of any significant mental problems prior to the vocational report made in 1986," Dr. Miglani traces plaintiff's history of anxiety and depression and finds that plaintiff has dealt with a *recurring* major depressive disorder. (R. 342)

Plaintiff testified that she started having depression and anxiety after the birth of her third child in 1980, and that she has had problems ever since that time. (R. 382-83) The record contains ample support of the notion that plaintiff struggled with depression and anxiety from 1980 to the present time, with numerous records documenting plaintiff's complaints of, and treatment for, depression and anxiety. (R. 150, 158, 164, 166, 168, 169, 177, 179, 184, 262, 263, 266, 268, 270, 273, 274, 275, 277, 278, 315, 320, 322) Plaintiff took a number of leaves of absence from work after she began having problems with her nerves, (R. 383), and testified that these problems plagued her in the 1980s. (R. 385) Dr. Miglani's diagnosis calls into doubt the ALJ's opinion that plaintiff's subjective complaints of mental impairment lack credibility, and that any mental impairment she may have suffered was insignificant. (R. 21, 23-24)

Furthermore, Dr. Miglani in his report listed plaintiff's GAF at 50. (R. 342) The GAF scale is a method of considering psychological, social and occupational function on a

8

hypothetical continuum of mental health. The scale ranges from 0 to 100, with serious

impairment in functioning at a score below 50, moderate difficulty in functioning at 60 or below,

some functioning difficulty at 70 and below, and so forth. American Psychiatric Ass'n,

Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994). A score of 50 indicates

that an individual has serious symptoms or serious impairments in social, occupational, or school

functioning. Id.

    This GAF score, while perhaps only relevant to plaintiff's present-day condition,

contradicts the ALJ's finding that "[e]ven more recently, the claimant's mental status has not

deteriorated very much and continues to result in no more than mild limitations in most areas."

(R. 21). A GAF score of 50 indicates serious mental impairments. This finding presents

conflicting evidence as to plaintiff's mental limitations and as a result, her residual functional

capacity.

    Dr. Miglani's report clearly calls into doubt the ALJ's finding that plaintiff's mental

impairments have "not been an ongoing problem". (R. 23) As such, this case will be remanded

to the Commissioner for consideration of Dr. Miglani's report.

### III

    The ALJ failed to note what weight, if any, he gave to Dr. Grubbs' opinion that plaintiff

is disabled from all work. Additionally, while not required to do so, the Appeals Council did not

indicate the weight given to Dr. Miglani's report submitted as new evidence and subsequently

incorporated into the record. Because this report was completed after the ALJ issued his

decision, the ALJ was unable to consider the evidence in his initial decision. Dr. Miglani's

report calls into doubt the ALJ's determination of plaintiff's residual functional capacity as well

9

as her credibility.

Without knowing what weight was given to this relevant evidence, it is impossible for the court to find that the ALJ's decision is supported by substantial evidence. Therefore, this case is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) because the record, including the new evidence submitted to the Appeals Council, did not provide substantial evidence to support the ALJ's decision. For the reasons outlined above, and in an accompanying Order entered into this day, defendant's motion for summary judgment will be denied and this case reversed and remanded to the Commissioner for consideration of Dr. Grubbs' opinion, as well as Dr. Miglani's report presented to the Appeals Council as new evidence.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Enter this 3ᘒ day of January, 2006.

Michael F. Urbanski
United States Magistrate Judge

Case 7:04-cv-00711-mfu   Document 17   Filed 01/30/06   Page 10 of 10   Pageid#: 79